**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**KANSAS CITY DIVISION**

| | |
|---|---|
| **VALEO FINANCIAL ADVISORS, LLC,** | |
| **Plaintiff,** | **Civil Action No. 4:26-cv-248** |
| **v.** | |
| **VALEO VENTURES MANAGEMENT, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Valeo Financial Advisors, LLC ("Plaintiff"), by and through its undersigned attorneys, files this Complaint for Trademark Infringement against Valeo Ventures Management, LLC ("Defendant") and alleges, on knowledge as to its own actions and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1.      Plaintiff's claims arise out of Defendant's infringement of Plaintiff's incontestable, federally registered trademark, U.S. Trademark Reg. No. 3,210,886, and Plaintiff's common law rights in and to the word mark VALEO (the "VALEO Mark"), which Plaintiff has used for over 20 years in connection with the provision of investment advisory, financial planning, and related services.

2.      Despite being made aware of the VALEO Mark and the strong goodwill associated therewith, Defendant is using the VALEO Mark and confusingly similar names, including "Valeo Ventures" and/or "Valeo Ventures Management," in connection with the provision of its own investment advisory services.

3.      Defendant has used the VALEO Mark to promote its services on its website, its LinkedIn social media pages, brochures, and other advertising and promotional materials to identify and build goodwill in its brand.

4.      Defendant's use of the VALEO Mark is likely to cause consumer confusion or mistake with Plaintiff's own use of its VALEO Mark and is harmful to both Plaintiff and the consuming public.

5.      Defendant's use of the VALEO Mark is likely to cause consumer deception as to the affiliation, connection, or association of Defendant with Plaintiff, or deception as to the origin, sponsorship, or approval of the services and commercial activities of Defendant by Plaintiff. This is particularly true given the strength of the VALEO Mark, Defendant's use of an identical mark, and the fact that both parties provide investment advisory and related services. In light of the strong goodwill that the VALEO Mark has obtained throughout this District and nationwide, consumers are likely to believe that Defendant is, among other things, an affiliate of Plaintiff, or otherwise connected to or associated with Plaintiff, due to its use of the VALEO Mark for the same or similar types of services. In fact, that is not the case.

6.      For these reasons, and as explained further below, Plaintiff seeks permanent injunctive relief to stop Defendant's infringing activity, as well as monetary damages to compensate Plaintiff for the harm suffered as a result of Defendant's use of the VALEO Mark in connection with the promotion and offering of investment advisory and related services in violation of Plaintiff's prior rights in its VALEO Mark.

**PARTIES**

7.      Plaintiff Valeo Financial Advisors, LLC is an Indiana limited liability company with its principal place of business at 10 W. Carmel Drive, Suite 400, Carmel, IN 46032.

8.	Defendant Valeo Ventures Management, LLC is a Delaware limited liability company with its principal place of business at 4900 Main Street, Suite 620, Kansas City, MO 64112.

## JURISDICTION AND VENUE

9.	This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

10.	The Court has supplemental jurisdiction over the Missouri statutory unfair competition claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the claim is related to the federal claims and forms part of the same case or controversy as it derives from a common nucleus of facts.

11.	This Court has personal jurisdiction over Defendant because, among other reasons, Defendant is doing business in the state of Missouri and in this District, and because of Defendant's systematic and continuous contacts with the state of Missouri and this District.

12.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other reasons, Defendant is doing business and committing the alleged acts of trademark infringement in this District.

## FACTUAL BACKGROUND

### Plaintiff's Investment Advisory Services and the VALEO Mark

13.	Since at least 2003, Plaintiff has provided investment advisory, financial planning, and related services using the VALEO Mark throughout the Midwest. Plaintiff is a Registered Investment Advisor ("RIA") and is registered with the Securities and Exchange Commission ("SEC") to provide investment advisory services.

14. On February 15, 2006, Plaintiff applied for a federal trademark registration for the VALEO word mark for use in connection with investment advisory services, namely, investment management, consultation, monitoring, research, analysis, and advice, and investment portfolio management; financial services, namely financial planning and research.

15. On February 20, 2007, the United States Patent and Trademark Office registered the VALEO Mark under U.S. Trademark Reg. No. 3,210,886. A copy of the trademark certificate of registration is attached as Exhibit A.

16. U.S. Trademark Reg. No. 3,210,886 for the VALEO Mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. As such, under 15 U.S.C. § 1115(b), such registration serves as conclusive evidence of the validity of the VALEO Mark and its registration, of Plaintiff's ownership of the VALEO Mark, and of Plaintiff's exclusive right to use the VALEO Mark in commerce with the provision of the registered investment advisory and financial planning services.

17. Plaintiff owns and has maintained its federal and common law trademark rights in the VALEO Mark by virtue of its consistent and continuous bona fide use in commerce of the VALEO Mark in connection with the provision of its investment advisory, financial planning, and related services.

18. Plaintiff uses its VALEO Mark to advertise its services, including, but not limited to, providing brochures, maintaining its LinkedIn social media pages, and maintaining a website at https://valeofinancial.com/.

19. An image of Plaintiff's VALEO Mark as used on its website is shown below:



*Available at*: https://valeofinancial.com/.

20. The VALEO Mark is well known and has attained significant consumer recognition in the marketplace due to the popularity and high quality of Plaintiff's services. Plaintiff is ranked as one of the largest financial advisory firms in the Midwest and a Top 300 RIA Firm by the Financial Times.

**Defendant's Investment Advisory Services and Use of the VALEO Mark**

21. Plaintiff recently became aware that Defendant is promoting and/or selling its own investment advisory services using the VALEO Mark.

22. Like Plaintiff, Defendant provides investment advisory, financial consulting, and related services. Defendant also is an RIA and is registered with the SEC to provide investment advisory services.

23. On information and belief, Defendant began using the VALEO Mark to promote its services in late 2024 or early 2025, over 20 years after Plaintiff began using the VALEO Mark.

24. Defendant is using the VALEO Mark on its brochures and on the Internet via its website, https://valeovc.com/, its LinkedIn social media pages, and other promotional materials.

25.     The following images taken from Defendant's website show current examples of Defendant's promotion of investment advisory services using the VALEO Mark:



*Available at*: https://valeovc.com/.

**Pre-Lawsuit Notice of Infringement**

26.     On or about July 18, 2025, Plaintiff, by and through its attorney, sent a letter to notify Defendant of its wrongful use of the VALEO Mark. In the letter, Plaintiff demanded that Defendant cease using the VALEO Mark given Plaintiff's long-time rights associated with the VALEO Mark for the same and related services. A copy of Plaintiff's letter is attached hereto as Exhibit B.

27.     To date, despite acknowledging receipt of Plaintiff's letter, Defendant has refused to stop using the VALEO Mark.

**Harm to Plaintiff**

28.     For over 20 years, Plaintiff has made a significant investment in securing its rights in the VALEO Mark and in building the VALEO brand for its investment advisory, financial planning, and related services.

29. Defendant's knowing and intentional use of the VALEO Mark in connection with the promotion and/or sale of the same types of services attempts to trade-off of the goodwill and brand recognition associated with Plaintiff's VALEO Mark, which has been long established in the investment advisory services industry.

30. Defendant's knowing and intentional use of the VALEO Mark has damaged and irreparably injured, and if permitted to continue, will further damage and irreparably injure Plaintiff, the VALEO Mark, and Plaintiff's reputation and goodwill associated with the VALEO Mark.

## COUNT I
**Trademark Infringement Under Section 32(1)(a)
of the Lanham Act, 15 U.S.C. § 1114(1)(a)**

31. Plaintiff re-alleges paragraphs 1 through 30 as though fully set forth herein.

32. Without Plaintiff's consent, Defendant has used, continues to use, and is likely to use in commerce Plaintiff's VALEO Mark, which is protected by incontestable U.S. Trademark Reg. No. 3,210,886 for use in connection with the provision and promotion of investment advisory and related services, which is likely to cause confusion, or to cause mistake, or to deceive consumers, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

33. Upon information and belief, Defendant's acts of trademark infringement are knowing, intentional, and willful.

34. As a direct and proximate result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm.

35. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to confuse consumers and cause irreparable harm to Plaintiff.

36. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and is entitled to recover from Defendant its profits, all actual damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

37. Because Defendant's conduct is willful, Plaintiff also is entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Trademark Infringement, False Designation of Origin,**
**and Unfair Competition Under Section 43(a)(1)(A)**
**of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

38. Plaintiff re-alleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant's actions described above relating to its use of the VALEO Mark are likely to cause confusion or mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or deception as to the origin, sponsorship, or approval of the services and commercial activities of Defendant by Plaintiff, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the VALEO Mark, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

40. Upon information and belief, Defendant's unauthorized use of the VALEO Mark is knowing, intentional, and willful.

41. As a direct and proximate result of Defendant's acts of trademark infringement, false designation of origin, and unfair competition, Plaintiff is suffering irreparable harm.

42. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, false designation of origin, and unfair competition and will continue to deceive the public and cause irreparable harm to Plaintiff.

8

43. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and is entitled to recover from Defendant its profits, all actual damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

44. Because Defendant's conduct is willful, Plaintiff also is entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
### Common Law Trademark Infringement and Unfair Competition

45. Plaintiff re-alleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff's VALEO Mark is eligible for protection, Plaintiff is the senior user of the VALEO Mark, and there is likelihood of confusion between Plaintiff's VALEO Mark and the VALEO marks that Defendant is using.

47. By making unauthorized use of the VALEO Mark, Defendant is committing trademark infringement and unfair competition in violation of Missouri common law and other applicable common law.

48. Defendant's unauthorized use of the VALEO Mark is knowing, intentional, and willful.

49. As a result of Defendant's acts of trademark infringement and unfair competition, Plaintiff is suffering irreparable harm.

50. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and unfair competition, and will continue to confuse the public and cause irreparable harm to Plaintiff.

51.     Plaintiff is entitled to injunctive relief and is entitled to recover from Defendant its profits, all actual damages that Plaintiff has sustained from Defendant's infringement and unfair competition, reasonable attorneys' fees, and the costs of the action.

## COUNT IV
### Injury to Business Reputation and Dilution Under
### Missouri Statutory Law, Mo. Rev. Stat. § 417.061

52.     Plaintiff re-alleges paragraphs 1 through 51 as though fully set forth herein.

53.     Plaintiff owns the VALEO Mark, which is valid and distinctive under common law and also is registered under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

54.     Defendant's use of the VALEO Mark is likely to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's VALEO Mark in violation of Missouri statutory law, Mo. Rev. Stat. § 417.061.

55.     As a result of Defendant's acts of business disparagement and dilution, Plaintiff is suffering irreparable harm.

56.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of business disparagement and dilution and will continue to cause irreparable harm to Plaintiff.

57.     Plaintiff is entitled to injunctive relief under Missouri statutory law, Mo. Rev. Stat. § 417.061.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant and in favor of Plaintiff, granting the following relief:

A. A permanent injunction enjoining the aforesaid acts of trademark infringement, false designation of origin, unfair competition, injury to business reputation and dilution by Defendant, its owners, executives, officers, agents, servants, employees, and attorneys, and those acting in concert with them, including related individuals and entities, affiliates, customers, and representatives, as follows: (1) requiring them to promptly remove from their advertising materials, promotional materials, websites, social media pages, brochures, publications, and any other displays of the VALEO Mark and any other names or marks that are confusingly similar to the VALEO Mark; (2) prohibiting them from using or advertising any names or marks which incorporate elements of, or which are confusingly similar to, the VALEO Mark or any confusingly similar names or marks; (3) prohibiting them from selling, offering, promoting, or advertising any products or services using the VALEO Mark or any confusingly similar names or marks; (4) prohibiting them from otherwise competing unfairly with Plaintiff by trading-off Plaintiff's goodwill and business reputation or by infringing or misappropriating the VALEO Mark or any confusingly similar names or marks; (5) prohibiting them from stating or suggesting, in any advertising materials, promotional materials, or other materials or communications, that they or their products or services are associated with, related to, approved by, or sponsored by Plaintiff; and (6) prohibiting them from injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's VALEO Mark;

B. That this Court enter an award to Plaintiff of Defendant's profits, all actual damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117;

C. That this Court render a finding that this case is exceptional and award to Plaintiff treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

D.  That this Court award Plaintiff its expenses and costs of the action; and

E.  That the Court grant Plaintiff such other and further relief as the Court deems just

and proper.

Dated: March 24, 2026                    Respectfully submitted,


/s/ Jonathan G. Musch
Jonathan G. Musch # 55200
**HILGERS PLLC**
Six Cardinal Way, Suite 900
St. Louis, MO 63102
(314) 646-3391
jmusch@hilgerslaw.com



Of Counsel:

Amy E. LaValle
FBT GIBBONS LLP
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
alavalle@fbtgibbons.com
Tel: (214) 580-5854

*Attorneys for Plaintiff*
*Valeo Financial Advisors, LLC*